IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| AMY STANG, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) Civil Action No. <br> NORTHEAST GEORGIA HEALTH )   2:15-cv-00016-WCO <br> SYSTEM INC., ) <br> ) <br> Defendant ) <br> _____) | |

## COMPLAINT

COMES NOW Plaintiff Amy Stang ("Stang" or "Plaintiff") and through the undersigned counsel of record files this Complaint against Northeast Georgia Health System, Inc. showing the Court as follows:

### JURISDICTION AND VENUE

1.

Plaintiff brings this action under the Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et sq. ("FLSA"). Therefore the Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein pursuant to 28 U.S.C. § 1331.

2.

This court has supplemental jurisdiction of Plaintiff's state law claims pursuant to 28 U.S.C. § 1367

3.

Venue is proper under 28 U.S.C. §1391(b) because the events or omissions giving rise to the claims occurred in the Northern District of Georgia, Gainesville Division.

## **PARTIES**

1.

Defendant Northeast Georgia Health System Inc., ("NGHS" or "Defendant") is a corporation engaged in the industry of providing medical services.

2.

Plaintiff is an adult individual who resides in Cumming, GA.

3.

During all relevant times herein, Plaintiff was an "employee" of Defendant as defined by 29 U.S.C.§ 203(e).

4.

During all relevant times herein, Defendant was Plaintiff's "employer" as by 29 U.S.C. § 203(s), is a qualified and licensed

organization in Georgia that is entitled to do business in Georgia, and may be served with Summons and Complaint in this action at 743 Spring Street, NE Gainesville, GA 30501.

## FACUTAL ALLEGATION

1.

In early 2014, NGHS recruited Plaintiff from Idaho to become the Director of Clinical Services and to ultimately become the Executive Director of Hospice of Northeast Georgia Health System.

2.

During the recruitment of Plaintiff, NGHS expressly communicated to Plaintiff, that within a year of being hired she would succeed the Executive Director of Hospice of Northeast Georgia Health System.

3.

In or about May of 2014, Plaintiff accepted NGHS's offer of employment with the understanding that within a year of her being employed she would succeed the Executive Director of Hospice of Northeast Georgia Health System.

4.

In or about July of 2014, Plaintiff moved from Idaho, to Georgia, to work for NGHS.

5.

In August of 2014, Plaintiff officially began her employment at NGHS as Director of Clinical Services. From the outset of her employment, Plaintiff became aware of many labor violations that exist at NGHS.

6.

In or around September 2014, Plaintiff initiated discussion with the Executive Director and upper management concerning these violations, but the Executive Director expressed her resentment that Plaintiff had brought attention to this.

7.

On or about October 16, 2014, during a departmental meeting, the Executive Director announced to the staff that she would be retiring in thirty days and that Plaintiff would succeed her as Executive Director. Plaintiff then initiated communication with the Executive Director and the Vice President about the transition, but those communications were never returned.

8.

On or about October 20, 2014, Plaintiff was called into a meeting with the Executive Director and the Vice President in which they informed her that she was not qualified to be the Executive Director.

9.

Plaintiff holds board certifications as a Hospice and Palliative Care Administrator (CHPCA®) and Hospice and Palliative Nurse (CHPN®). The Plaintiff also holds an unrestricted Georgia registered nurse's license and has the necessary experience required to act as Executive Director.

10.

Defendant NGHS retaliated against Plaintiff because she complained about labor violations that exist at NGHS.

11.

Plaintiff was constructively discharged from her employment with NGHS and has suffered damages as a result of Defendants violations of the FLSA.

## COUNT I
## RETALIATION FOR ENGAGING IN ACTIVITY PROTECTED UNDER THE FLSA

12.

Plaintiff hereby incorporates all preceding paragraphs as if fully restated herein.

13.

Defendant violated the FLSA, 29 U.S.C. §215(a)(3), by retaliating against Plaintiff after she complained of, and brought to the attention of management, Defendant's failure to pay overtime as required by FLSA.

14.

After Plaintiff brought attention to Defendant's violations, Defendant retaliated against Plaintiff by rescinding her promotion to Executive Director of Hospice of Northeast Georgia Health System.

15.

The violation occurred within the statutory period prescribed by 29 U.S.C. § 255(a).

16.

Defendant's act of retaliation against Plaintiff has directly and proximately caused losses to the Plaintiff including, but not limited to, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

## **PROMISSORY ESTOPPEL**

17.

Plaintiff hereby incorporates paragraphs 1 through 11 restated herein.

18.

Defendant induced Plaintiff to move to Georgia, from Idaho, to work at NGHS with the promise that Plaintiff would succeed the then current Executive Director within a year of starting her employment.

19.

As alleged above, Defendant breached that promise.

20.

Plaintiff fully relied on NGHS's promise, uprooted her family and moved to Georgia from Idaho.

21.

Plaintiff's reliance was reasonable and foreseeable.

22.

As a direct and proximate result of Defendant's acts, Plaintiff has been damaged in an amount to be proven at trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Amy Stang prays for judgment against Defendant as follows:

1. Judgment against Defendant for an amount equal to Plaintiff's back pay and front pay in lieu of reinstatement;

2. Damages for lost benefits in an amount to be determined at trial.

3.  Attorneys' fees and cost of litigation pursuant to 29 U.S.C. § 21(b); and

4.  Any and all such further relief that this Court or the find of fact deems equitable and just.

Respectfully submitted this 22nd day of January 2015.

_____
Regina Sledge Molden
Georgia Bar No. 515454
Alec MacInnes
Georgia Bar No. 106163
Taylor J Bennett
Georgia Bar No. 664063
Peachtree Center – Harris Tower
Suite 1245
233 Peachtree Street NE
Atlanta, Georgia 30303
Telephone: 404-324-4500
Facsimile:   404-324-4501
Email: rmolden@moldenholley.com
AMacinnes@modlenholley.com
tbennett@moldenholley.com
*Attorneys for Plaintiff*

## CERTIFICATE OF COMPLIANCE

The undersigned counsel hereby certifies that Plaintiff's Complaint complies with the type-volume limitations set forth in Rule 5.1 of the Local Rules of the Northern District of Georgia. Counsel hereby states that Plaintiff's Complaint for Damages has been types in Times New Roman 14 font.

Respectfully submitted this 22nd day of January 2015.

/s/Regina Sledge Molden
Regina S. Molden
Georgia Bar No. 515454